IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV57-MU

ERIC S. GREENE, WILLIAM H. STREATER, )
ROY L. HINTON, JAMES A. LOUIS, JOE L. )
SMITH, STEVEN R. CAPERS, WALTER R. )
SPENCER, III, DOUGLAS Q. CORE, DANIEL )
D. GALES, VONDA JONES, ANDREW F. )
McKINNEY, and RAQUEL BOONE, )
Individually and On Behalf of All Others Similarly )
Situated, )
                                                                         )
    Plaintiffs, )
                                                                         )
vs. )                 ORDER
                                                                         )
CAROLINA MOTOR CLUB, INC., AAA CAR )
CARE CENTERS, LLC, and TOWMARK, LLC, )
                                                                         )
    Defendants. )
_____)

       This matter is before the court upon Defendants' Motion to Dismiss pursuant to Rules 12 (b)(1) and 12(b)(4) of the Federal Rules of Civil Procedure and upon Plaintiffs' Motion for Leave to File the Second Amended Complaint.

**I. BACKGROUND**

       Plaintiffs in this action consist of twelve former and current African-American employees of Defendants AAA Car Care Centers, LLC ("Car Care") and Towmark, LLC ("Towmark"). Plaintiff Eric Greene ("Greene") worked for Car Care and the other eleven Plaintiffs either work or worked for Towmark.[1] Plaintiffs seek various types of relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, as well as state law claims

---

[1] Plaintiff Gales is the only plaintiff still employed by Defendant Towmark.

1

for wrongful discharge in violation of North Carolina public policy and for violation of the North Carolina Wage and Hour Act.

This action was originally filed in Mecklenburg County Superior Court on September 25, 2009. The original Complaint was never served on any of the Defendants. A summons was issued as to each Defendant on September 25, 2009. However, the summons as against Defendant Towmark was allowed to lapse pursuant to Rule 4(e) of the North Carolina Rules of Civil Procedure.[2] Plaintiffs filed an Amended Complaint on January 14, 2010, and a new summons was issued as to Towmark, one hundred and eleven days after the initial summons was issued. Defendants were served with the Amended Complaint and timely removed the action to this court on February 11, 2010.

Defendants filed their Motions to Dismiss[3] on March 10. In response to the Motions to Dismiss, Plaintiffs filed a Second Amended Complaint, without requesting leave of court as required by Rule 15. Defendants responded by moving to strike the Second Amended Complaint. Plaintiffs then moved for leave to file their Second Amended Complaint.

**II. DISCUSSION**

Failure to exhaust administrative remedies under Title VII is an issue of subject matter jurisdiction. *See Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134 (4th Cir. 1995). Plaintiffs have the burden of establishing that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When ruling on a motion under either 12(b)(1) or 12(b)(4),

---

[2] Plaintiffs timely obtained an endorsement of the summons against Defendants Car Care and Carolina Motor Club.

[3] Defendants have also filed a Motion to Dismiss pursuant to Rule 12(b)(6), which is not addressed in this Order..

the court may consider matters outside the pleadings without converting the motion to a summary judgment motion. *See, e.g., Richmond, Fredricksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Miller v. Ingles*, 2009 WL 4325218 * 4 (W.D.N.C. 2009).

A. Failure to Maintain Appropriate Summons:

All Plaintiffs who filed EEOC charges against Defendant Towmark (except for Plaintiff Daniel Gales) received their "Right to Sue" letters from the EEOC on or before July 15, 2009. Thus, under Title VII, these Plaintiffs were required to file this lawsuit within 90 days after receipt of the Right to Sue letters. *See* 42 U.S.C. § 2000e-5(f)(1). The original Complaint was timely filed on September 25, 2009.

Under Rule 4(c) of the North Carolina Rules of Civil Procedure, service must be made within 60 days after the date of issuance of the summons. N.C. Gen. Stat. § 1A-1, Rule 4(c). If a defendant is not served within the prescribed period of time, Rule 4(d) provides that service may be extended provided the plaintiff obtains either an endorsement upon the original summons (within 90 days after it issues) or sues out an alias or pluries summons (within 90 days after the date of issue of the last preceding summons). N.C. Gen. Stat. § 1A-1, Rule 4(d)(1) and (2). If a plaintiff fails to secure an endorsement or an alias or pluries summons in the time allowed by Rule 4(d), Rule 4(e) provides that:

> the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue, or an extension endorsed by the clerk, but, *as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement.*

N.C.Gen.Stat. § 1A-1, Rule 4(e) (emphasis added); *see Dozier v. Crandall*, 105 N.C.App. 74, 78; 411 S.E.2d 635, 638 (N.C.App. 1992) ("where there is neither endorsement nor issuance of alias

or pluries within 90 days after [issuance of the] summons, the action is discontinued as to any defendant not served within the time allowed and treated as if it had never been filed . . . [a later summons issued] is deemed to have commenced as to such defendant, on the date of the endorsement or the issuance of alias or pluries summons . . .").

Plaintiffs do not dispute their failure to maintain appropriate summons as against Towmark. Rather, relying on *Pardazi v. Cullman Medical Center*, 896 F.2d 1313 (11th Cir. 1990), Plaintiffs maintain that they have met all their obligations under Title VII by merely filing the complaint within 90 days of receipt of their Right to Sue letters. In *Pardazi*, the Eleventh Circuit held that subject matter jurisdiction in a Title VII action is not dependant upon service of process. *Pardazi*, 896 F.2d at 1315-16. However, in *Pardazi,* the defendant had failed to raise the issue of untimely service and therefore waived any right to challenge the sufficiency of service on summary judgment. Unlike the defendant in *Pardazi*, Towmark has raised the issue of insufficient process by virtue of its Motion to Dismiss pursuant to Rule 12(b)(4). Thus, *Pardazi* is inapposite. *See Shaw v. Beaufort County Sheriff's Office*, 2007 WL 2903940, *26 (D.S.C. 2007).

Since Plaintiffs failed to maintain the summons against Towmark, by operation of North Carolina law[4] the action was discontinued as against Towmark, and the action is deemed to have commenced against Towmark on January 14, 2010, the date Plaintiffs filed their Amended Complaint and issued a new summons for Towmark. Consequently, Plaintiffs Hinton, Louis, Spencer, McKinney, Smith, Capers and Streater, each of whom filed EEOC charges against only Towmark, have failed to commence this civil action within 90 days of receiving their Right to

---

[4] Even though this action has been removed to federal court, the court applies the North Carolina procedural rules to determine whether Towmark was properly served with service of process. *See CBP Resources, Inc. v. Ingredient Resource Co.*, 954 F.Supp. 1106 (M.D.N.C. 1996).

Sue letters in June or July of 2009. Accordingly, their Title VII claims against Towmark must be dismissed.

B. Failure to Exhaust Administrative Remedies:

Before filing a suit under Title VII, a plaintiff must first exhaust administrative remedies with the EEOC. *Davis*, 48 F.3d at 136-37. This begins with a filing of a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(b). "The charge must be in writing and verified under oath or affirmation under penalty of perjury." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). The scope of a plaintiff's Title VII lawsuit is determined by the contents of the EEOC charge. *Id.* "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). A failure by the plaintiff to exhaust administrative remedies as to a Title VII claim deprives the federal court of subject matter jurisdiction over that claim. *Jones,* 551 F.3d at 300.

Defendants move to dismiss the Title VII claims of Plaintiffs Core, Boone, and Capers for failure to exhaust administrative remedies. There is no dispute that Core and Boone have not filed EEOC charges, an administrative prerequisite to a Title VII action. These Plaintiffs argue that they should not be held to this requirement since they are members of a putative class. However, Plaintiffs are putting the cart before the horse. This action has yet to be certified as a class action under Rule 23(a). "[A] Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). If, and only if, the case is certified as a class action at the appropriate time, certain individuals who are "similarly

5

situated" to the class representative(s), and who could have brought claims in a timely manner before the EEOC, may become class members, despite their own failures to comply with Title VII's administrative requirements. *See Williams v. Henderson,* 129 Fed. Appx. 806, 812-13 (4th Cir. 2005). Accordingly, the Title VII claims of Plaintiffs Core and Boone are dismissed for failure to exhaust administrative remedies.

Defendants maintain that Plaintiff Capers also failed to exhaust his administrative remedies in that he failed to file a perfected EEOC charge. Mr. Capers did receive a Right to Sue letter on July 1, 2009. There is no need for the court to determine whether Mr. Capers exhausted his administrative remedies, however, as he, along with most of the other Plaintiffs, failed to maintain the appropriate summons against Towmark, as discussed above.

Plaintiff Jones filed a charge of discrimination with the EEOC on December 19, 2008. However, the charge was not signed or verified. Despite this, the EEOC issued her a Right to Sue letter on February 10, 2009. In a Declaration filed in opposition to the Defendants' Motion to Dismiss, Ms. Jones claims that she never received the right to sue letter.

In order to exhaust administrative remedies under Title VII, a plaintiff must file a signed complaint with the EEOC that "shall be in writing under oath and affirmation." 42 U.S.C. § 2000e-5; 29 C.F.R. § 1601.9; *Jones*, 551 F.3d at 300. In the Fourth Circuit, a "failure to comply with this statute is fatal to an action seeking relief under Title VII." *Balazs v. Liebenthal*, 32 F.3d 151, 156 (4th Cir. 1994). Ms. Jones does not dispute that she failed to sign or otherwise swear to her EEOC Charge. Accordingly, her Title VII claims are dismissed for failure to exhaust administrative remedies.

Greene is the only Plaintiff for worked for Car Care and Defendants have not moved to dismiss his claim for failure to maintain proper summons. However, Defendants do contend that

to the extent Greene's Title VII claim exceeds the scope of his EEOC charge, it must be dismissed for lack of subject matter jurisdiction.  Greene filed three charges of discrimination with the EEOC.  In his first EEOC charge, dated July 1, 2008, Greene alleged disparate treatment due to race, harassment, and retaliation for engaging in a protected activity.  On July 29, 2008, he filed an EEOC charge alleging that he was suffering retaliation for the filing of the July 1 EEOC charge. On September 10, 2008, he filed a charge alleging that he was terminated in retaliation for filing EEOC charges.  The "race" box was not checked on this charge.  Only the "retaliation" box was checked.  In the Amended Complaint, Greene appears to allege discriminatory discharge.  This claim is outside of the scope of Greene's EEOC charges.  As Judge Conrad noted in *Chapman v. Duke Energy Carolinas, L.L.C.*, 2010 WL 411141 (W.D.N.C. 2010), there is a "crucial difference between an allegation of termination due to race and termination in retaliation against exercise of rights under Title VII. Although both employment practices are prohibited by Title VII, they are addressed in different statutes and prohibit different employer conduct." *Chapman*, 2010 WL 411141 at *5.  Accordingly, Greene's claim for discriminatory termination must be dismissed as outside the scope of his EEOC charges.  In addition, to the extent Greene alleges failure to promote in the Title VII allegations, this claim is also beyond the scope of his EEOC charge and must likewise be dismissed.

Plaintiffs also seek to pursue a host of claims for unintentional "disparate impact" liability under Title VII, a theory of liability based on facially neutral employment practices which have an adverse impact on members of a protected class.  None of the Plaintiffs herein have alleged such a theory before the EEOC.  Rather, the EEOC charges allege intentional *disparate treatment* on the basis of race. Accordingly, any and all "disparate impact" claims are hereby dismissed.

C. Plaintiffs' Motion for Leave to Amend:

As noted above, in response to the Defendants' Motion to Strike, the Plaintiffs have filed a Motion for Leave to File the Second Amended Complaint. Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend his pleading with leave of court, and that "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Defendants argue that leave should be denied because Plaintiffs are attempting to amend the complaint in response to the threat of dismissal. However, the cases cited by Defendants in support of their argument are all distinguishable, involving denial of leave to amend after the filing of a summary judgment motion, or a magistrate's Memorandum and Recommendation. Such is not the case here. The parties have yet to engage in any discovery. There is no indication of bad faith or undue prejudice or delay. Many of the Defendants' futility arguments concern claims that have been addressed by the court's ruling on Defendants' 12(b)(1) and (b)(4) motion herein. Defendants may certainly renew their Motion to Dismiss pursuant to Rule 12(b)(6). Accordingly, the court will allow Plaintiffs leave to file their Second Amended Complaint. However, the court directs the Plaintiffs to file a Second Amended Complaint in conformity with the rulings in this Order, deleting those claims and Plaintiffs that the court has dismissed herein. Plaintiffs shall not take this opportunity to add any new claims or allegations, but to simply conform the Second Amended Complaint to reflect only those claims, parties, and allegations remaining pursuant to this Order.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(4) is hereby GRANTED as to Plaintiffs' Title VII claims except those claims of Plaintiffs Greene and Gales as outlined herein;

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File the Second

Amended Complaint is hereby GRANTED subject to the court's directions herein;

IT IS FURTHER ORDERED that Defendants Motion to Strike pursuant to Rule 12(f) is hereby DENIED AS MOOT.

Signed: November 1, 2010

Graham C. Mullen
United States District Judge