**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-cv-00057-GCM**

| | |
|---|---|
| ERIC S. GREENE, WILLIAM H. STREATER, ROY L. HINTON, JAMES A. LOUIS, JOE L. SMITH, STEVEN R. CAPERS, WALTER R. SPENCER, III, DOUGLAS Q. CORE, DANIEL D. GALES, VONDA JONES, ANDREW F. McKINNEY, and RAQUEL BOONE, Individually and On Behalf of All Others Similarly Situated, <br><br>Plaintiffs, <br><br>v. <br><br>CAROLINA MOTOR CLUB, INC., AAA CAR CARE CENTERS, LLC, and TOWMARK, LLC, <br><br>Defendants. | **STIPULATED PROTECTIVE ORDER** |

Plaintiffs and Defendants (collectively, the "Parties") stipulate to entry of this Protective Order ("Protective Order") pursuant to Fed. R. Civ. P. 26(c) to govern the disclosure or dissemination of confidential information in this action (the "Litigation").

IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT each signatory to the Protective Order, and anyone else who subsequently may subscribe to this Protective Order by execution of the "Non-Disclosure Certificate" attached hereto as Exhibit 1, the execution of which shall make such party a "Bound Party" and one of the "Bound Parties", is ordered by the Court as follows:

1. **SCOPE:** This Protective Order shall govern the production, exchange, access, and use of all discovery materials produced or disclosed in the Litigation, including without limitation the following: documents, electronic documents and e-mails, data and information,

depositions and deposition exhibits, affidavits, testimony, answers to interrogatories, and all other information (regardless of the medium or manner generated, stored, or maintained) that is produced, given, provided, or exchanged ("Discovery Materials") among the Bound Parties in the Litigation. Discovery Materials shall be used by any party, person, or entity receiving Discovery Materials (the "Receiving Party") solely for the purpose of preparing for and conducting the Litigation, including any appellate proceedings. This Protective Order shall apply to each Bound Party and any other entity or person receiving, producing or disclosing Discovery Materials in the Litigation.

2. **CATEGORIES OF INFORMATION:** Any Discovery Materials produced by any party, person, or entity subject to or participating in discovery in the Litigation may be designated by the producing party or parties by marking the Discovery Materials ("Designated Discovery Materials") as "Confidential" or "Attorneys' Eyes Only." Once any Discovery Materials have been designated as "Confidential" or "Attorneys' Eyes Only," such materials become Designated Discovery Materials. If electronic documents are produced on electronic storage media, such as discs or drives, the producing party may mark the storage media itself (rather than each page of the electronic documents contained therein) as "Confidential" or "Attorneys' Eyes Only."

3. **CONFIDENTIAL INFORMATION:** Discovery Material should be marked "Confidential" when it contains confidential information that may be reviewed by certain named persons described herein, but must be protected against disclosure to others. Counsel for any party, person, or entity subject to or participating in discovery in the Litigation may designate (the "Designating Party") any Discovery Materials as "Confidential" when the Designating Party reasonably and in good faith believes that the Discovery Materials contain, constitute, or reveal non-public communications and information, or otherwise private or confidential information that requires the protection provided in this Protective Order ("Confidential Information"). Confidential Information may be shown, disseminated, or disclosed only to the following persons, each of whom shall be deemed a "Qualified Person":

(a) The signatories to this Protective Order, their current or former personnel or representatives who need to know or have access to any Confidential Discovery Materials for the purposes of the Litigation, and counsel representing the Parties in the Litigation (including members of such counsel's staff, such as paralegals, secretaries, and law clerks, to whom it is reasonably necessary that the material be shown for purposes of the Litigation);

(b) Actual or potential experts or consultants for each party in the Litigation; provided that such expert or consultant has executed a Non-Disclosure Certificate substantially in the form of Exhibit 1 attached hereto;

(c) Any court reporter or typist rendering services for recording or transcribing of testimony in the Litigation or any outside independent reproduction firm or any technical or technology services firm rendering services for a party in the Litigation, but only to the extent necessary for such services to be provided;

(d) Copying services, computer consulting and support services, exhibit makers, translators, and other persons or entities providing litigation support services retained by counsel for purposes of the Litigation;

(e) Any person whom a named party intends, in good faith, to call as a witness in any deposition, hearing or at trial in the Litigation, and that person's attorneys to the extent reasonably necessary to prepare for and provide his or her testimony; provided that such person, and that person's attorney, if any, has executed a Non-Disclosure Certificate substantially in the form of Exhibit 1 attached hereto;

(f) The persons who authored the Confidential Discovery Materials or who received such Confidential Discovery Materials in the ordinary course of business or as shown on the face of such Confidential Discovery Materials;

(g) Anyone to whom the Designating Party shall consent in writing to receive such Designating Party's Confidential Discovery Materials only; provided that such person has executed a Non-Disclosure Certificate substantially in the form of Exhibit 1 attached hereto; and

(h) The Court and its personnel, and any mediator, in connection with the Litigation.

4. **ATTORNEYS' EYES ONLY INFORMATION**: Discovery Material should be marked "Attorneys' Eyes Only" when it contains highly confidential information that may be reviewed by certain named persons described herein, but must be protected against disclosure to

others. Counsel for any party, person, or entity subject to or participating in discovery in the Litigation may designate (the "Designating Party") any Discovery Materials as "Attorneys' Eyes Only" when the Designating Party reasonably and in good faith believes that such Discovery Materials contain, constitute, or reveal proprietary business information of any kind, information which would put the producing person or entity at a perceived competitive disadvantage, or other information of a personal and sensitive nature ("Attorneys' Eyes Only Information").

Attorneys' Eyes Only Information may be shown, disseminated, or disclosed only to the following persons:

(a) Attorneys of record for the parties, their employees and other attorneys and/or employees of their firms;

(b) Actual or potential experts or consultants for each party in the Litigation to the extent deemed necessary by counsel; provided that such expert or consultant has executed a Non-Disclosure Certificate substantially in the form of Exhibit 1 attached hereto;

(c) The persons who authored the Attorneys' Eyes Only Discovery Materials or who received such Attorneys' Eyes Only Discovery Materials as shown on the face of such Attorneys' Eyes Only Discovery Materials;

(d) Anyone to whom the Designating Party shall consent in writing to receive specific Designating Party's Attorneys' Eyes Only Discovery Materials only; provided that such person has executed a Non-Disclosure Certificate substantially in the form of Exhibit 1 attached hereto; and

(e) The Court and its personnel, and any mediator, in connection with the Litigation.

5. **MATERIAL TO BE WITHHELD:** Documents or other items subject to the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other privilege or immunity from discovery ("Privileged Information") shall not be produced, unless the privilege is being waived, or the disclosures are otherwise required by law despite privilege, as for example with the crime fraud exception. In addition to any Privileged Information that is withheld by a party, no information will be produced by any party

or non-party where the production of such information is protected or prohibited by any federal or state law, code, rule or regulation, or other agreement. Under no circumstances shall a party request, or another party or non-party produce, any information that is protected or prohibited from disclosure by any federal or state law, code, rule or regulation.

6. **QUALIFIED PERSONS: Persons who are authorized to have access to Designated Discovery Materials shall maintain the confidentiality thereof, shall not disseminate or disclose such Designated Discovery Materials to any person not authorized to have access to Designated Discovery Materials pursuant to this Protective Order, and shall not use such Designated Discovery Materials for any purpose other than in connection with the Litigation or appeal of the Litigation. The protections conferred by this Protective Order cover not only Designated Discovery Materials, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, as well as testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Designated Discovery Materials. Qualified Persons may share Designated Discovery Materials with other Qualified Persons. Qualified Persons authorized to have access to Designated Discovery Materials shall make copies of such Designated Discovery Materials only to the extent that it is reasonably necessary to assist the parties in connection with the Litigation or appeal of the Litigation. Prior to disclosure of any Designated Discovery Materials to any Qualified Person, counsel for the party proposing to disclose such information shall first provide such person with a copy of this Protective Order and shall cause that person to execute a Non-Disclosure Certificate substantially in the form of Exhibit 1 hereto. All counsel shall maintain copies of any executed Non-Disclosure Certificate they obtain pursuant to this Protective Order.**

**7. DESIGNATION OF DESIGNATED DISCOVERY MATERIALS:** Any Designating Party may designate any Discovery Materials as Confidential Discovery Materials by marking the Discovery Materials, prior to production, as "Confidential." Any Designating Party may designate any Discovery Materials as Attorneys' Eyes Only Discovery Materials by marking the Discovery Materials, prior to production, as "Attorneys' Eyes Only." Inadvertent failure to designate materials as Designated Discovery Materials at the time of production (i) shall not waive the Designating Party's right to, at some later time, designate the Discovery Materials as Confidential or Attorneys' Eyes Only and (ii) may be remedied by the Designating Party by supplemental written notice and the provision of copies of properly stamped documents. Upon receipt of such notice, all Discovery Materials, including all copies thereof, whether electronic, hard copy, or otherwise, so designated shall be fully subject to this Protective Order. Inadvertent designation of documents as Designated Discovery Materials shall be remedied by the Designating Party upon request if the parties agree that the designation was inadvertent.

8. **DEPOSITIONS OR OTHER TESTIMONY:** Any deposition or other testimony may be designated as Confidential or Attorneys' Eyes Only by so stating orally on the record of a deposition or by so advising opposing counsel in writing within thirty (30) days after receipt of the final transcript (the "Transcript"). The entire content, transcript and exhibits to each deposition shall be treated as if it had been designated as Attorneys' Eyes Only in accordance with the provisions of this Protective Order until thirty (30) days after all parties have received the Transcript and exhibits, after which only the portions specifically designated as Confidential or Attorneys' Eyes Only pursuant to the first sentence of this paragraph shall be given protection as designated. Those portions of depositions that are so designated shall be filed separately and under seal with the Court pursuant to Paragraph 12 whenever depositions are so filed.

**9. CHALLENGING CONFIDENTIALITY DESIGNATIONS:** If any Receiving Party objects to the designation of any Discovery Materials as Designated Discovery Materials, the party shall state the objection in writing to counsel for the Designating Party. The parties shall work in good faith to attempt to resolve the dispute among themselves in a timely manner. In the absence of such resolution, the Receiving Party objecting to the confidentiality designation may seek a Court order with respect to such challenged Discovery Materials; provided, however, that any such request to the Court shall be made only after the Receiving Party has provided the Designating Party three (3) days written notice. The Discovery Materials shall be deemed and treated as "Confidential" or "Attorneys' Eyes Only" in accordance with the Designating Party's designation under the terms of this Protective Order unless and until (i) the Court rules otherwise, or (ii) the Designating Party agrees in writing to withdraw the confidentiality designation. A Receiving Party shall not be obligated to challenge the designation of Discovery Materials as Designated Discovery Materials at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereof.

**10.     INADVERTENT PRODUCTION:** Inadvertent disclosure or production of Discovery Materials that are subject to the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of, such privilege, immunity, or protection.  Any party who has received such Discovery Materials, upon learning that such Discovery Materials are subject to a claim of privilege, whether through its own review of such materials or upon request of the producing party, shall immediately return or destroy such Discovery Materials to the party who produced them (the "Producing Party") no later than five (5) days from either learning of the erroneous production or receiving receipt of a written request by the Producing Party for the return of the inadvertently produced Discovery Materials, and the Receiving Party shall not retain or keep any copy, electronic copy, hard copy, or otherwise, of the Discovery Materials or notes regarding the Discovery Materials or their contents.

11. **INADVERTENT DISCLOSURE:** In the event of an inadvertent disclosure by a Receiving Party of Designated Discovery Material, the Receiving Party making the inadvertent disclosure shall, upon learning of the disclosure: (i) immediately notify the entity or individual to whom the disclosure was made that the disclosure contains Designated Discovery Material subject to this Protective Order; (ii) immediately make all reasonable efforts to recover the disclosed Designated Discovery Material as well as preclude further dissemination or use by the entity or individual to whom the disclosure was made; and (iii) immediately notify the Producing Party of the identity of the entity or individual to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the Designated Discovery Material and ensure against the further dissemination or use of the Designated Discovery Material.

12. **SECURITY:** Each Receiving Party shall maintain all Designated Discovery Material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the Receiving Party with respect to its own confidential information.

**13. LEGAL PROCESS REQUESTING DESIGNATED DISCOVERY MATERIALS:** In the event that a Qualified Person or Receiving Party authorized to have access to Designated Discovery Materials is served with a subpoena, demand or request from a federal or state governmental agency, or other legal process that seeks production of Designated Discovery Materials, such person shall, unless otherwise prohibited by law, give written notice by facsimile or electronic mail to the Designating Party within five (5) business days of the receipt of such subpoena, request, demand, or other legal process and furnish the Designating Party with a copy of said subpoena or other process or order, before production or disclosure is made. In the absence of an order by the Court requiring earlier production, the Qualified Person or Receiving Party shall not produce any of the Designating Party's Designated Discovery Materials until the later of (i) five (5) business days after providing the required notice to the Designating Party, or (ii) the date of production specified in, or required by, the subpoena, demand or other legal process.

**14. USE OF DESIGNATED DISCOVERY MATERIALS IN A COURT PROCEEDING:** Disclosure of Discovery Material or its designation as Designated Discovery Material pursuant to this Protective Order shall not affect in any way the admissibility or determination of authenticity of any document, testimony, or other evidence at the trial of the Litigation. In the event that any Designated Discovery Materials are used in any court proceeding in the Litigation or any appeal therefrom, the Designated Discovery Materials shall not lose their status as Designated Discovery Materials through such use nor shall a presumption of public access attach to any Designated Discovery Materials as a result of such use. In the event that any party or its counsel determines to file or submit to the Court or any appellate court in the Litigation, any Designated Discovery Materials or any papers containing information derived from Designated Discovery Materials, such documents or portion thereof containing such material or information shall be filed under seal in accordance with the Court's applicable procedures and released only as provided by agreement of the undersigned parties or order of the Court. Should any Receiving Party seek to use Designated Discovery Materials at a hearing or trial, the parties shall meet and confer prior to the hearing or trial date in an effort to agree upon a procedure to ensure the confidentiality of such information. In the event an agreement is not reached, the matter will be submitted to the Court to determine how best to assure the nondisclosure of such Designated Discovery Material. Upon request, the Designating Party may, in its sole discretion, grant a written waiver of the requirements imposed by this Paragraph.

**15. LIMITATIONS ON ORDER OF PROTECTION:** Nothing in this Protective Order shall restrict, or be construed as restricting, a Designating Party's use of its own Discovery Materials designated as Confidential or Attorney's Eyes Only. Likewise, nothing in this Protective Order shall restrict, or be construed as restricting, one Bound Party from sharing Designated Discovery Material with another Bound Party. No Discovery Material shall be Designated Discovery Material if it is, or becomes, available as a matter of public record without a violation of this Protective Order or if it is otherwise intentionally disclosed to the public at large by the Producing Party. This Protective Order pertains only to Discovery Material provided by a Producing Party and does not limit the use or disclosure of materials that have been obtained by any Bound Party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

**16. FURTHER PROTECTIVE ORDERS, CHALLENGES, AND AMENDMENTS:** Nothing in this Protective Order prohibits or prevents any party hereto from applying to the Court for a further protective order relating to any Discovery Materials or for an order permitting disclosure of Designated Discovery Materials other than as provided herein. The provisions hereof may also be modified on the Court's own motion, by motion by any party upon notice, or by written agreement between the applicable parties.

17. **DISPOSAL OF DESIGNATED DISCOVERY MATERIALS:** After the final disposition of the Litigation, whether by settlement, order of the Court, verdict by a jury, or decision on appeal ("Final Disposition"), all Designated Discovery Materials and all copies thereof (including excerpts and summaries) shall be either (i) destroyed, which destruction shall be certified, within thirty (30) days after the Final Disposition, or (ii) returned to counsel for the Designating Party within thirty (30) days after the Final Disposition. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys as archival records or other attorney work-product created for the Litigation. Notwithstanding the foregoing, the ultimate disposition of Designated Discovery Materials shall be subject to a final order of the Court upon completion of the Litigation.

18. **JURISDICTION: Each Bound Party hereby agrees to subject himself/herself/itself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Protective Order.**

19. **SURVIVAL OF PROTECTIVE ORDER: The provisions of this Protective Order shall survive the Final Disposition and shall continue in full force and effect. The Court shall retain jurisdiction over this Protective Order, and any other person bound by the terms of this Protective Order, to enforce the terms thereof.**

20. **HEADINGS: Paragraph headings used herein are for convenience of reference only, are not part of this Protective Order and are not to affect the construction of, or to be taken into consideration in interpreting, this Protective Order.**

21. **EXECUTION OF PROTECTIVE ORDER: This Protective Order may be executed in counterparts and shall constitute one agreement binding upon all parties thereto as if all parties signed the same document. Electronic and facsimile signatures shall be treated as originals for all purposes.**

Dated: October 3, 2011

| s/ Trevor M. Fuller | s/ Russell F. Sizemore |
|---|---|
| Trevor M. Fuller | Russell F. Sizemore |
| North Carolina Bar No. 27044 | North Carolina Bar No. 23553 |
| tmfuller@fullerandbarnes.com | russ.sizemore@klgates.com |
| Michael D. Barnes | Glenn E. Ketner, III |
| North Carolina Bar No. 26060 | N.C. State Bar No. 36018 |
| barnes@fullerandbarnes.com | bo.ketner@klgates.com |
| **Fuller & Barnes, LLP** | **K&L Gates LLP** |
| 1909 J.N. Pease Place, Suite 202 | Hearst Tower, 47th Floor |
| **1909 J.N. Pease Place, Suite 202** | 214 North Tryon Street |
| Charlotte, NC 28262 | Charlotte, NC 28202 |
| Telephone: (704) 548-0093 | Telephone: (704) 331-7514 |
| Facsimile: (704) 548-1166 | Facsimile: (704) 353-3214 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

**SO ORDERED:**

Signed: October 5, 2011

Graham C. Mullen
United States District Judge

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:10-cv-00057-GCM**

ERIC S. GREENE, WILLIAM H. STREATER, ROY L. HINTON, JAMES A. LOUIS, JOE L. SMITH, STEVEN R. CAPERS, WALTER R. SPENCER, III, DOUGLAS Q. CORE, DANIEL D. GALES, VONDA JONES, ANDREW F. McKINNEY, and RAQUEL BOONE, Individually and On Behalf of )

| | |
|---|---|
| All Others Similarly Situated,<br>Plaintiffs,<br>v.<br>CAROLINA MOTOR CLUB, INC., AAA CAR CARE CENTERS, LLC, and TOWMARK, LLC,<br>Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **AGREEMENT TO BE BOUND** |

  I, _____,

being duly sworn, state that:

  1. I have carefully read, and I understand, the provisions of the Stipulated Protective Order (the "Protective Order") entered in this case, and I will comply with all provisions of the Protective Order.

2. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Designated Discovery Materials or any words, summaries, abstracts, or indices of Designated Discovery Materials disclosed to me pursuant to discovery in connection with the Litigation, as the capitalized terms are defined in the Protective Order.

3. I will return all Designated Discovery Materials disclosed to me pursuant to discovery in connection with the Litigation and summaries, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party for whom I was employed or retained or acted as a witness.

4. I consent to the jurisdiction of the United States District Court for the Western District of North Carolina in connection with this Litigation to be Bound by the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____