IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV57

| | | |
|---|---|---|
| ERIC S. GREENE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CAROLINA MOTOR CLUB, INC., AAA | ) | |
| CAR CARE CENTERS, LLC, and | ) | |
| TOWMARK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon Defendant's Motion to Deny Class Certification and/or Strike Plaintiffs' Class Allegations (Dkt. # 62), and Defendants' Motion to Compel and for Sanctions (Dkt. # 59).[1] Plaintiffs have responded to these motions and these matters are ripe for disposition.

An initial scheduling Order was entered in this putative class action on July 27, 2011, adopting a two-phase discovery proposal agreed upon by the parties. The first phase of discovery was to allow targeted discovery regarding the class action claims. Pursuant to the initial scheduling Order, the deadline for the conclusion of the first phase, non-expert, fact discovery was January 30, 2012. First phase, expert discovery was to conclude on May 15, 2012. Defendants proceeded to serve discovery requests on the Plaintiffs seeking information and documents pertaining both to Plaintiffs' putative class action claims and to their individual

---

[1] Defendant CMC is not a party to the Motion to Compel as it did not serve interrogatories or requests for production of documents upon the Plaintiffs.

1

claims. In relation to Plaintiffs' putative class action claims, the discovery requests sought specific information and documents regarding, *inter alia*, the scope of the purported class and alleged common questions of law and fact that Plaintiffs contend justify certification of a class ("class-specific discovery requests"). Defendants also served Requests for Admissions upon the Plaintiffs and noticed depositions of the named Plaintiffs. Despite repeated requests from Defendants' counsel, Plaintiffs have refused to provide any written responses, assert any objections or produce any documents in response to the Defendants' discovery requests. In addition, Plaintiff Core failed to appear for a scheduled deposition, causing Defendant Towmark to incur fees and costs. Plaintiffs characterize Mr. Core's failure to appear as "miscommunication" and a "misunderstanding." Defendants are requesting an Order from the Court compelling responses to the discovery requests and seeking sanctions, including dismissal of the Plaintiffs' class action claims. Defendants are also seeking by separate motion an Order denying Class certification based upon substantive grounds.

In response to Defendants' motions Plaintiffs have represented that they have elected not to seek class certification in this case and will be serving responses to Defendants' discovery requests in the near future. Plaintiffs response is void of substantive legal argument or any justification for their failure to make discovery.

In light of Plaintiffs' failure to oppose Defendants' Motion to Deny Class Certification, that motion will be granted. Accordingly, there is no need for an Order compelling Plaintiffs to respond to the class-specific discovery requests listed in Defendants' Exhibit 32. However, to the extent that Plaintiffs have failed to respond to any non-class-specific discovery requests, the court finds that Defendants are entitled to an Order compelling the Plaintiffs to fully and completely, and without objections, respond to such discovery. Should Defendants find it

2

necessary to reopen any of the named Plaintiffs' depositions once Plaintiffs have produced such discovery, they may do so at Plaintiffs' expense.

While Plaintiffs claim that Mr. Core's failure to appear for his deposition was a "misunderstanding," the Court is not inclined to consider this explanation credible, as it is not supported by any competent evidence. The evidence before the court supports the fact that Mr. Core failed to appear as scheduled and agreed upon by counsel. Accordingly, the Court finds that Defendants are entitled to their fees and expenses incurred as a result of Mr. Core's failure to appear for his deposition on February15, 2012.

Defendants Towmark and Car Care also request their costs and fees incurred in bringing the Motion to Compel. They have filed the Declaration of attorney Russell F. Sizemore in support of their request. Pursuant to the Declaration of Mr. Sizemore, these Defendants have incurred $240.43 in costs and $19,798.00 in attorneys' fees, for a total of $20,038.43 in preparing their Motion to Compel. Moreover, Defendants incurred $500.00 in costs and $3,072.50 in attorneys' fees, for a total of $3,572.50, as a result of Mr. Core's failure to appear for his deposition. Defendants Towmark and Car Care are thus requesting a total of $23,610.93 in fees and expenses incurred as a result of Plaintiffs' failure to provide discovery. However, the Court is inclined to accept the amount of $17,708.20 as a more reasonable figure. This total represents a 25% reduction in the amount requested by Defendants.

IT IS THEREFORE ORDERED THAT Defendants' Motion to Deny Class Certification is hereby GRANTED and Plaintiffs' class action claims are hereby dismissed;

IT IS FURTHER ORDERED THAT Defendants' Motion to Compel is GRANTED to the extent outlined above, and Plaintiffs are hereby directed to provide such discovery within ten days of the date of entry of this Order; and

IT IS FURTHER ORDERED THAT Plaintiffs are hereby directed to pay Defendants Car Care and Towmark the amount of $17,708.20.

Signed: June 19, 2012

Graham C. Mullen
United States District Judge