IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV57

| | |
|---|---|
| ERIC S. GREENE, et al.,         )<br>                                 )<br>        Plaintiffs,             )<br>                                 )<br>vs.                              )<br>                                 )<br>CAROLINA MOTOR CLUB, INC., AAA   )<br>CAR CARE CENTERS, LLC, and       )<br>TOWMARK, LLC,                    )<br>                                 )<br>        Defendants.              )<br>_____) | ORDER |

This matter is before the court upon Defendants' Second Motion for Sanctions and for Involuntary Dismissal, filed on July 27, 2012. Plaintiffs have responded to this motion and this matter is ripe for disposition.

Defendants filed a Motion to Compel and for Sanctions on April 5, 2012. In that motion, Defendants established that despite repeated requests from Defendants' counsel, Plaintiffs refused to provide any written responses, assert any objections or produce any documents in response to the Defendants' discovery requests. Plaintiffs' response to this motion was void of substantive legal argument or any legitimate justification for their failure to make discovery. Accordingly, on June 19, 2012, this Court entered an Order compelling Plaintiffs "to fully and completely, and without objections, respond to [Defendants'] discovery" within ten days. (D.E. #69, p. 2-3). The Court also granted Defendants' motion for sanctions, ordering Plaintiffs to pay $17,708.20 in Defendants' fees and expenses. (*Id.* at p. 3)

While Plaintiffs did submit some written responses to discovery on June 29, 2012, the

1

responses were patently incomplete, non-responsive, and contained numerous objections. Moreover, Plaintiffs Boone, Jones and Spencer provided no response to interrogatories; Spencer failed to respond to the request for production of documents; and Boone and Core have produced no documents at all. None of the interrogatory responses are verified under oath or signed by the individual Plaintiffs, as required by Rule 33. Further, Plaintiffs have failed to pay the Court-ordered monetary sanctions, nor have they communicated any intention that the sanctions will be paid.[1] Defendants' counsel wrote a detailed letter to Plaintiffs' counsel on July 18, 2012, listing the most striking deficiencies in Plaintiffs' discovery responses and requesting that the deficiencies be promptly addressed. Unable to persuade Plaintiffs to comply with the Court's Order, Defendants filed the present motion on July 27th, seeking dismissal pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure.

In their response to Defendants' motion, Plaintiffs made no effort to deny or explain their non-compliance with the directives of the June 19th Order, nor have they substantively contested their lengthy history of discovery violations. Moreover, there is no indication in their response that the compelled responses or payment of sanctions will be forthcoming.

In the present motion, Defendants contend that Plaintiffs' utter failure to comply with the Court's June 19th Order warrants dismissal pursuant to Rule 37(b). Rule 37(b)(2) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders[,] [which] may include . . . dismissing the action or proceeding." Fed. R. Civ. P. 37(b)(2). The court has broad discretion to impose sanctions on

---

[1] On September 18, 2012, Plaintiffs filed a "Motion to Clarify the Court's June 19, 2012 Order and a Motion to Stay Sanctions" in which they request "guidance from the Court as to the specific distribution of the sanctions among the individual Plaintiffs." Plaintiffs also request that sanctions not be payable until the conclusion of the case.

a party who fails to comply with the court's discovery orders. *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). When the sanction to be imposed is dismissal, however, courts in the Fourth Circuit apply the following four-part test to balance the severity of that sanction against the seriousness of the non-complying party's misconduct: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989); *Green v. John Chatillon & Sons*, 188 F.R.D. 422, 424-25 (M.D.N.C. 1998) (applying the four-part *Mutual Federal* test and finding dismissal appropriate when a plaintiff fails to comply with court-ordered discovery and offers no explanation for this failure, deprives the defendant of discoverable information, and was previously sanctioned for similar conduct).

When the four-part *Mutual Federal* test is applied to Plaintiffs' conduct in this case, it appears to the Court that dismissal of this action is warranted. First of all, Plaintiffs do not dispute that the responses they provided to Defendants on June 29th fail to comply with the Court's Order of June 19th. The Court specifically and clearly directed Plaintiffs to "to fully and completely, and without objections, respond to [Defendants'] discovery" within ten days. (D.E.# 69, p. 2-3). Some Plaintiffs chose to ignore the Court altogether and failed to provide responses. Those who did respond provided responses that were incomplete, non-responsive, riddled with objections, and unsigned and unverified. Despite Defendants' counsel's detailed letter of July 18, 2012 listing the numerous deficiencies, Plaintiffs have continued to ignore their obligation to provide discovery to Defendants. Moreover, Plaintiffs have ignored the Court's Order directing

3

the payment of sanctions, and have indicated no intention to pay. Plaintiffs' ongoing pattern of failure to participate in discovery, as evidenced by the record in this case, and their indifference to the Court's clear directive on June 19th can only lead to one conclusion: Plaintiffs are acting in bad faith. *See*, *e.g., Water Out Drying Corp. v. Allen,* No. 3:05cv353-MU, 2007 WL 2746889, at *1 (W.D.N.C. Sept. 19, 2007) (failing to provide answers to discovery requests despite a clear court order constitutes "bad faith"); *Green*, 188 F.R.D. at 424 ("Noncompliance with discovery orders can serve as a basis for bad faith.").

The Court finds that Plaintiffs' noncompliance has substantially prejudiced the Defendants. Defendants have been unable to obtain meaningful discovery from Plaintiffs, requiring them to hold open depositions for each of the twelve individual Plaintiffs and limiting their ability to seek summary judgment against individual Plaintiffs, and otherwise defend this action. *See Lynch v. Novant Medical Group, Inc.*, Civil No. 3:08-cv-340, 2009 WL 2915039, at *7 (W.D.N.C. Sept. 8, 2009) (finding the inability to obtain complete discovery responses prejudicial). Defendants are faced with moving forward in this case without the benefit of knowing what, if any, facts they will have to defend against, or what damages are being claimed by the Plaintiffs. Additionally, Plaintiffs' noncompliance with their discovery obligations has wasted Defendants' time and money in preparing two motions for sanctions. Thus, under the second *Mutual Federal* factor, Plaintiffs' failure to produce material, discoverable evidence, and Defendants' lost time and money in motions for sanctions and in depositions having been held despite the lack of promised discovery production, have all substantially prejudiced the Defendants and weigh in favor of dismissal.

Plaintiffs' noncompliance with the June 19$_{th}$ Order and continued failure to participate in the discovery process must be deterred. As stated by Fourth Circuit, "not only does the

noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). By not complying with the June 19th Order, Plaintiffs have "undermine[d] this Court ['s] ability to manage this case effectively." *Ellis v. Wal-Mart Distributions*, No. 3:10-cv-76-MOC-DSC, 2011 WL 3804233, at *2 (W.D.N.C. Aug. 2, 2011). Thus, under with the third *Mutual Federal* factor, because Plaintiffs' noncompliance undermines effective case management and challenges this Court's power to control the progress of the case, it is conduct that must be deterred, and this again weighs in favor of dismissal.

Finally, it appears that no sanction short of dismissal will be effective in this case. The Court's June 19th Order manifestly failed to persuade Plaintiffs to follow through on their discovery obligations. Although both the Defendants and the Court have allowed ample time for Plaintiffs to come into compliance with the Court's Order, Plaintiffs have not complied with the directives of the June 19th Order. At this point in the proceedings, no alternative sanction of a less drastic nature would be effective to deter Plaintiffs' undisguised contempt for the discovery process or to ensure future compliance with the orders of the Court. *See Water Out Drying Corp.,* No. 3:05-cv-353-MU, 2007 WL 2746889, at *1 (finding any less drastic sanction ineffective after monetary sanction did little to dissuade continuing disregard for the Rules and the Court's Order).

Plaintiffs rely on *Payne v. Advantage Sales and Marketing*, No. 3:11-CV-244 (W.D.N.C. Oct. 25, 2011) to argue that they must receive an explicit warning prior to dismissal. However, in *Payne*, the defendant's motion to compel presented the **first** occasion for the court to address

the plaintiff's discovery violations. *Payne*, No. 3:11-CV-244, slip op. at *1-2. Here, by contrast, the Court has already disciplined the Plaintiffs for their discovery violations, compelled the production of full and complete discovery responses by June 29, 2012, and awarded monetary sanctions. This matter is now before the Court on a **second** motion as a result of the Plaintiffs' blatant disregard of their obligations under the Court's June 19th Order. Even if this was not just the latest example of a pattern of dilatory conduct, there is no requirement that this Court spell out the obvious. Indeed, federal courts in North Carolina have noted that "[w]hile a warning is useful, [there is no] explicit written warning requirement. Rather, the concern should be whether the parties . . . have adequate notice." *Gardendance Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 451-52 (M.D.N.C. 2005). The Plaintiffs have had adequate notice that this case is subject to dismissal. Defendants' motion was filed on June 27th and yet Plaintiffs still have not provided discovery responses in compliance with this Court's Order. Had Plaintiffs even made an attempt to cure the deficiencies in their June 29th responses, the Court would perhaps reach a different result. Yet, despite clear notice that their case was subject to dismissal, the record reveals that Plaintiffs have not made any effort whatsoever in the past five months to comply with the Court's Order. Moreover, the June 19$_{th}$ Order clearly provided notice to the Plaintiffs of what they were required to do. The Court is not required now to issue a second order saying that it really meant for the first order to be obeyed.

Plaintiffs' continued noncompliance with the Court's June 19th Order satisfies each of the four *Mutual Federal* factors. Accordingly, the Court will dismiss this action with prejudice pursuant to Rule 37(b). [2]

---

[2] As the Court is dismissing this case pursuant to Rule 37(b), the Court finds it unnecessary to address Defendants' argument that the case should be dismissed for failure to

IT IS THEREFORE ORDERED that Defendants' Second Motion for Sanctions and for Involuntary Dismissal (D.E. # 71) is hereby GRANTED, this case is DISMISSED WITH PREJUDICE, and Plaintiffs' Request for a Hearing (D.E. # 78) is DENIED.

Signed: December 7, 2012

Graham C. Mullen
United States District Judge

---

prosecute under Rule 41(b).